Segfried Construction Co., Inc., Respondent, *v.* The City of New York, Appellant.

Supreme Court, Appellate Term, First Department, March 9, 1926.

Municipal corporations — action for return of assessment paid by plaintiff on street improvement — municipality only entitled to assess property owners for amount of original cost of street paving — bids under which paving work was prosecuted show property owners were not assessed for repair of street — complaint dismissed.

A taxpayer's complaint by which a return of the amount paid by it as an assessment on property owners for the original surfacing of a street in the city of New York is sought to be recovered should be dismissed when the amount of the bids indicates that there has actually been no assessment of the property owners for the repair of the street.

A municipality may not assess the property owners for more than the original cost of paving the street; all repairs are an obligation upon the city as a whole.

Appeal by defendant from a judgment of the Municipal Court, Borough of Manhattan, First District, in favor of plaintiff, for the return of an assessment claimed to have been illegally collected.

*George P. Nicholson,* Corporation Counsel [*John F. O'Brien, Henry J. Shields* and *Charles W. Miller* of counsel], for the appellant.

*Walter H. Martin,* for the respondent.

Per Curiam. Plaintiff sues to recover the amount paid by it as assessment on property owners for the original surfacing of Haven avenue.

It is elementary in these assessment cases that the city may not assess the property owners for more than the original cost of paving a street, all repairs being an obligation upon the city as a whole. It is claimed by respondent that the proposal for bids indicates that the purpose of the assessment was to include both original work and subsequent repair since it read " sheet asphalt pavement and keeping the pavement in repair for five years from date of completion." There was also another bid submitted for pavement for the approaches to the street. As to these approaches no obligation for repair was laid upon the bidders, and it is instructive that the bid as accepted was at exactly the same figure for doing

44

both types of work.  In other words, the amount of .the bids indicates very clearly that there has actually been no assessment on the property owners for the repair of the street.  Since the decision of *People ex rel. North* v. *Featherstonhaugh* (172 N. Y. 112) bids in substantially the same form as the one involved herein have been customary on all city streets, it being the theory of that case that it was appropriate for the city to exact an assurance of the endurance of the material and workmanship by obliging the contractor to guarantee the payement for a certain number of years.  The *Featherstonhaugh* ·case indicates that five years would not be an unreasonable period, and upon the authority. of that case the present judgment must be reversed and complaint dismissed.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, BIJUR, McGOLDRICK and LEVY, JJ.